UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD W. PORTER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MALDEN DISTRICT COURT, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 23-40086-TSH |
| RICHARD W. PORTER, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF )<br>MASSACHUSETTS, et al. )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 23-40114-TSH |

## MEMORANDUM & ORDER

**HILLMAN, J.**                                                                                              **October __, 2023**

Plaintiff Richard W. Porter, Jr. ("Porter"), who is proceeding *pro se*, brings these two actions, alleging that he was wrongfully taken into police custody, subsequently committed to Worcester Recovery Center and Hospital ("WRCH") for psychiatric treatment, and that he has been unlawfully confined at WRCH since November 2020. For the reasons set forth below, the Court will dismiss these actions.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

Porter commenced C.A. No. 23-40086-TSH without paying the $402 filing fee or filing a motion for leave to proceed *in forma pauperis*. He did, however, file a motion for leave to

proceed *in forma pauperis* in C.A. No. 23-40114-TSH.  Accordingly, the Court will treat the *in forma pauperis* motion as being filed in both cases and GRANTS said motion.

**II.     Review of the Complaints**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that the complaint is not frivolous or malicious, does not seek monetary relief against a defendant who is immune from such relief, and states a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).  The Court also has an obligation to examine consider whether it has jurisdiction over an action.  In conducting this review, the Court liberally construes the complaint because Porter is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**A.     The Complaints**

When considered together, Porter's complaints may be summarized as below, crediting all factual allegations as true.

On March 20, 2017, the Malden District Court granted the application of Nancy Morino for a restraining order against a person named "Richard Porter," who had a Boston, Massachusetts address.  The "Richard Porter" who was the subject of the restraining order was not the plaintiff.

Merino filed three complaints with the Wakefield Police Department, after which the Wakefield Police made false reports that Porter had violated a restraining order.  On November 12, 2020, three Massachusetts State Troopers broke into Porter's Woburn residence, handcuffed him, and took him to a police station.  Porter was not booked or fingerprinted at the station. Officers subsequently transported him to Malden District Court.

The Malden District Court ordered that Porter be transported to the WRCH for an evaluation.  While the court-ordered evaluation period was meant to last only sixteen days, Dr.

Seyda Nuzhat ordered that Porter be held at WRCH for nine months. Without a trial, sentence, or court order, Porter was involuntarily held at WRCH for nine months, even though the arrest warrant was for the "Richard Porter" who resided in Boston.

On July 30, 2021, a petition for commitment was filed against Porter in the Worcester District Court. WRCH had Merino testify against Porter at this hearing. Porter's detention at WRCH continued. On April 5, 2022, Porter's attorney, Fred Doyle, filed an appeal and an order for discharge. On August 30, 2022, Porter was committed while the matter was under appeal. The false testimony of Dr. Nuzhat and two individuals from Candia, New Hampshire was used to obtain this commitment. On March 21, 2022, Attorney Doyle dismissed the appeal. On March 27, 2023, Porter filed an application for discharge in the Superior Court, but it was dismissed. Porter has been involuntarily medicated while at WRCH.

Porter seeks discharge and damages. He claims that, because of his confinement WRCH, he has lost $600,000 in anticipated wages, $30,000 in Social Security income, and $2,000,000 in rental income.

**B.      Discussion**

Here, Porter has failed to state a claim upon which relief may be granted. Challenges to the fact or duration of one's confinement by the government must be asserted in a petition for a writ of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). The only relief available through a habeas petition is release from the challenged confinement. *See id.* at 751.

Porter's complaints, in which he seeks damages, are not habeas petitions. Even if Porter was not seeking damages, the Court would decline to construe his pleading as a petition for a writ of habeas corpus. "Habeas review is an extraordinary remedy," *Bousley v. United States*,

523 U.S. 614, 621 (1998), and it is generally available only in the absence of any other remedy, *see Stack v. Boyle*, 342 U.S. 1, 6 (1951).  In addition, as appears to be the case here, "prudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren,* 553 U.S. 674, 693 (2008).

Under the circumstances, it would be improper for the Court to exercise its habeas jurisdiction.  There is no basis for the Court to believe that Porter is currently without any other remedy to challenge the validity of his confinement or to seek release other than by filing a habeas petition in federal court.[1]  The Massachusetts state courts are courts of competent jurisdiction, and an order of commitment issued by a state trial court may be reviewed by a state appellate court.

In addition, several of the defendants have immunity in this court for their conduct concerning Porter's confinement.  States (including their departments, agencies, and officials acting in their official capacity) are immune from suit in federal court unless the State has consented to suit or Congress has overridden the State's immunity.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).  Here, the Court cannot discern against the Commonwealth for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden

---

[1] The publicly available electronic docket of the Commonwealth's Superior Court indicates that, on September 11, 2023, Porter filed an application for discharge. *See Porter v. Wenzel, C.E.O.*, 2385CV01062 (Worcester Sup. Ct., Mass.), available through www.masscourts.org (last visited September 29, 2023).

it. Thus, Porter's claims against the Commonwealth, the Department of Mental Health,[2] and the Malden District Court fail.[3]  In addition, the individual defendants have absolute immunity for their testimony in judicial proceedings, even if the testimony is false.  *See Briscoe v. LaHue*, 460 U.S. 325, 345 (1983).

**III.   Conclusion**

For the reasons set forth above, the Court hereby orders:

1. Porter's motion for leave to proceed *in forma pauperis* is GRANTED, and he is allowed to proceed *in forma pauperis* in both cases.

2. These actions are DISMISSED without prejudice.

3. All pending motions shall be terminated as moot.

**So Ordered.**

          /s/ Timothy S. Hillman
United States District Judge

Dated: October 2, 2023

---

[2] The WRCH is a recovery center operated by the Department of Mental Health and is not a separate, suable entity.

[3] Further, states (including their agencies, departments, agencies, and officials acting in their official capacity) are not subject to suit under 42 U.S.C. § 1983, whether the claim is asserted in state or federal court. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).